

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00234-CV

**IN THE INTEREST OF S.J.Z.** and L.C.Z., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01562
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Irene Rios, Justice
                 Beth Watkins, Justice

Delivered and Filed: November 17, 2021

AFFIRMED

In this parental rights suit, the trial court determined it was in the children's best interests to appoint Mother as managing conservator and Father as possessory conservator.[1] In his sole issue, Father argues the trial court abused its discretion when its Final Order in Suit Affecting the Parent-Child Relationship ("the SAPCR Order") did not reflect the parties' agreement on Father's access to the children. We affirm the trial court's order.

### BACKGROUND

The Department of Family and Protective Services ("the Department") became involved in the underlying case on March 7, 2020, when it received a report there was domestic violence in

---

[1] To protect the identity of minor children in an appeal arising out of a case in which the termination of parental rights was at issue, we refer to the parents as "Mother" and "Father" and the children as "children." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

the home and Mother was often under the influence of alcohol while the children were in her care. Upon further investigation, the Department removed the children because, among other reasons, there was domestic violence in the home.

On July 31, 2020, the Department filed a petition seeking temporary managing conservatorship of the children and—if reunification could not be achieved—for termination of Mother and Father's parental rights. On May 6, 2021, the trial court held a bench trial. At trial, the Department did not seek termination of Mother and Father's parental rights. Instead, the Department recommended Mother be named permanent managing conservator and Father be named possessory conservator with restricted visitation.

At trial, Chelsea Solis—the Department's caseworker—testified Father had not addressed all the Department's concerns; however, he had started to engage in his services under the family service plan. Solis stated domestic violence was one of the concerns that led the Department to remove the children from the home and, although Father tried to sign up for domestic violence classes, he had not started. Solis stated it was in the children's best interests for Father's visitation to occur as mutually agreed upon by Mother and Father. However, Solis testified, there is a long history of conflict between Mother and Father, and it would be in the children's best interests for Father's visitation to be supervised by a third-party contractor if Mother and Father could not agree on terms of visitation.

After closing arguments, the trial court stated the following findings are in the best interests of the children:

> Visitation is as agreed upon between the parents. Failing agreement, though, it would be supervised by the managing conservator or a person designated by the managing conservator . . . . And, if there's no agreement as to who should supervise, it would be at . . . KidShare with seven days['] notice at [Father's] expense.

So it's supervised.  If they can't agree to the terms of visitation and supervision, then it's at KidShare at [Father's] expense with seven days['] notice.

The SAPCR Order states Father "shall have restricted possession or access" and "the conservators shall have possession of the children at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as specified in Attachment A to this order[.]" Attachment A states that Father shall have access as follows: "Visitation can be mutually agreed upon by [Mother] and [Father]; in the alternative, [Mother] can designate a supervisor for the visits or at KidShare with [seven] days['] notice at Father's expense."  Father appeals the portion of the trial court's order pertaining to his access to the children.

### STANDARD OF REVIEW

We review the trial court's determinations of conservatorship, and the terms of possession of and access to a child under an abuse of discretion standard. *In re M.G.N.*, 491 S.W.3d 386, 406 (Tex. App.—San Antonio 2016, pet. denied).  "A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles." *Id.*  "There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's exercise of its discretion." *In re H.D.C.*, 474 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

### DISCUSSION

Father argues the parties informally agreed he would be granted weekly visitation with the children and the trial court abused its discretion when it did not incorporate the agreement into the SACPR Order.  The Department argues Father did not preserve this issue for review and, in the alternative, the trial court did not abuse its discretion because Father's access to the children under the SAPCR Order is in the best interests of the children.  Because we agree with the Department

that the trial court did not abuse its discretion, we assume without deciding Father preserved his issue for review and address the merits of the case.

*Applicable Law*

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. "Because the trial court is in a position to analyze the facts, with regard to issues of conservatorship, control, possession, child support, and visitation, the trial court is given wide latitude in determining the best interests of a minor child." *In re A.R.*, No. 06-20-00016-CV, 2020 WL 4229328, at *2 (Tex. App.—Texarkana July 24, 2020, no pet.) (mem. op.) (quotations omitted).

"Whether a set of broad, enforceable guidelines is preferable to an order granting discretion to the managing conservators requires a case-by-case determination of the child's best interest." *In re J.J.R.S.*, 627 S.W.3d 211, 222 (Tex. 2021). The terms of an order that imposes restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child. *See* TEX. FAM. CODE ANN. § 153.193. "A parent appointed possessory conservator should at least have periodic visiting privileges with their child and should not be denied such, except in extreme circumstances." *Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518, at *2 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.).

*Analysis*

Father argues the trial court's decision not to adopt the parties' alleged agreement into the SAPCR Order was an abuse of discretion. At the outset, we note that it is not clear from the record whether the parties agreed Father should have received weekly visitation with the children. Regardless, the trial court was not bound to accept the parties' alleged agreement. *See In re I.G.*,

No. 02-21-00119-CV, 2021 WL 3556955, at \*3 (Tex. App.—Fort Worth Aug. 12, 2021, no pet. h.) (mem. op.) ("[U]nder the Family Code, an agreement concerning conservatorship[, access to,] and possession of a child must be enforced by the trial court only if the court finds that the agreement is in the child's best interest."). Instead, it is the best interests of the children that guides the trial court's decision on terms of visitation. *See H.D.C.*, 474 S.W.3d at 764 ("A child's best interest is always the primary consideration of the court in determining issues of possession and access.").

Here, the trial court heard evidence that Father had not fully addressed the Department's concerns with domestic violence in the home, which was one of the reasons that led to the Department's removal of the children. While Solis's testimony indicates Father has made great progress on his services, he has not completed domestic violence classes. Because Father has not fully addressed the Department's concern regarding domestic violence, the trial court reasonably tailored a visitation schedule that would protect Father's right of access to his children and protect the children's best interests. Accordingly, the trial court adopted the Department's recommendation and granted Father supervised visitation with the children at a time and place mutually agreed upon between Mother and Father. However, if a conflict arose between Mother and Father, or they could not agree on terms of visitation, the SAPCR Order gave Mother the option to require Father's future visitation occur at KidShare. Moreover, the trial court did effectively adopt the parties' alleged agreement. While not a model of clarity, the SAPCR Order allows Father the right to determine the date of visitation upon seven days' notice to Mother.

Given the concerns about Father's history of domestic violence and conflict between Mother and Father, we cannot say this visitation structure was arbitrary or unreasonable. Rather, the trial court's order is supported by the evidence and the trial court's decision was guided by the

best interests of the children. Therefore, we hold the trial court did not abuse its discretion when it tailored Father's access to protect the best interests of the children.

We overrule Father's sole issue.

## CONCLUSION

The trial court's order is affirmed.

Irene Rios, Justice

Do not publish